**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILIP BERGSTRESSER, ) <br> ) <br> Plaintiff, ) | **Case No.:** |
| ) <br> v. ) <br> ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CEDAR FINANCIAL, ) <br> ) | **(Unlawful Debt Collection Practices)** |
| Defendant ) | |

## **COMPLAINT**

PHILIP BERGSTRESSER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CEDAR FINANCIAL ("Defendant"):

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Carlisle, Pennsylvania 17013.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. 15 U.S.C. §1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at: 24009 Ventura Boulevard, Calabasas, California 91302.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

13. Defendant was seeking to collect a debt for European Municipality for a parking violation in the Country of Italy.

14. Plaintiff has never incurred any debts in connection with a business or commercial activity and, therefore, the alleged debt, if truly an obligation owed by Plaintiff, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

15. Beginning in or around January 2015, and continuing through March 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

16. Upon initial communication, Plaintiff informed Defendant that he disputed owing the debt and demanded proof of the debt before he was willing to discuss the matter.

17. Defendant's collectors, specifically an individual who identified himself as "Matt", ignored Plaintiff's instructions to stop calling and demand for

proof of the debt, and instead continued to call him seeking and demanding payment of the alleged debt.

18. For example, Defendant called Plaintiff on January 15, 2015; January 30, 2015; February 3, 2015; February 9, 2015; February 16, 2015; February 18, 2015; February 23, 2015; February 25, 2015 (twice); and March 3, 2015.

19. At no time, however, did Defendant provide Plaintiff with proof of the debt or respond to his dispute of the debt.

20. In addition, Defendant left several voice messages on Plaintiff's voice mail stating; "Hi, we have an important message from Cedar Financial. This call is from a debt collector. Please call me back at 818-936-6253. Thank you."

21. Finally, not only did Defendant fail to provide verification of the alleged debt, but Defendant also failed to send written notification to Plaintiff, within five days of its initial communication with him, of his rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

22. Defendant's actions, as described herein, were taken with the intent to annoy and harass Plaintiff.

PLAINTIFF'S COMPLAINT

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

23. A debt collector violates section 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. A debt collector violates section 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff's cellular telephone number, as well as, numerous voice messages, after being told to stop calling, with the intent to annoy, abuse, or harass Plaintiff.

## COUNT II
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

26. A debt collector violates section 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant violated section 1692f of the FDCPA when it harassed Plaintiff by failing to update its records to stop calls to Plaintiff's telephone, as well as failing to provide Plaintiff proof the debt.

## COUNT III
## DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA

28. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. Defendant violated section 1692g(a) of the FDCPA when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, PHILIP BERGSTRESSER, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PHILIP BERGSTRESSER, demands a jury trial in this case.

Respectfully submitted,

Dated: 11-30-15              By: */s/ Craig Thor Kimmel*
                                    Craig Thor Kimmel, Esquire
                                    PA. No. 57100
                                    Kimmel & Silverman, P.C.
                                    30 E. Butler Pike
                                    Ambler, PA 19002
                                    Phone: (215) 540-8888
                                    Fax: (877) 788-2864
                                    Email: kimmel@creditlaw.com